IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA            )
                                    )
    v                               )            CR. NO. 2:05cr25-A
                                    )                  WO
RODRICK MONROE, SR.                 )

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 15, 2005.  For the following facts and reasons, I conclude that the defendant should be detained pending trial in this case.

There is a serious risk the defendant will not appear.  There is a serious risk that the defendant will endanger the safety of another person or the community.

I find that the credible testimony and information submitted at the hearing establishes by both a preponderance of evidence with respect to flight and clear and convincing evidence with respect to dangerousness that the defendant has a serious psychological problem which makes him unstable.  In addition to the charges against him, there is an outstanding state felony assault warrant based on the underlying incident which led to the charges in this court.  The evidence shows that the victim of the assault was shot in both her hands by the defendant because she refused to lower the volume of a television set.  The wounds to her hands were characterized by a Troy Police Department detective as "defensive wounds."  There is also an outstanding Florida warrant against the defendant for spousal battery as to which the defendant failed to appear.  The defendant's criminal history is replete with other violent actions against others.  The defendant is

addicted to cocaine.  The court considered but rejects the defendant's suggestion that he could reside at his brother's home.  The defendant's addiction and psychological condition reflects the need for care by persons who are trained to deal with mental health problems.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.  Therefore, it is

ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 15th day of April, 2005.


　　　　　　/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE


2