IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr25-A |
| | ) | WO |
| RODRICK MONROE, SR. | ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

Previously, this court ordered that defendant RODRICK MONROE, SR. undergo a psychiatric or psychological examination and that a psychiatric or psychological report be filed with the court, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) & (c).  Such a report having been filed and made a part of the record before the court, the court raised on April 15, 2005, the issue of a competency hearing pursuant to 18 U.S.C.A. §§ 4241(c) and 4247(d).  However, the defendant did not object to the report and, while retaining to right to raise an insanity defense, agreed that he was competent.  The defendant directly addressed the court indicating that he understood his right to a hearing and after conferring with counsel was voluntarily waiving his right to a hearing or to contest the findings of the report.

Upon consideration of the report, the court's observations of defendant RODRICK MONROE, SR. and his waiver of his rights, the court finds that he is able to assist properly in his defense.  18 U.S.C.A. § 4241(d).

Accordingly, the Magistrate Judge RECOMMENDS that the court find defendant RODRICK MONROE, SR. mentally competent for all further proceedings in this case.  It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before April 28, 2005.  Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of April, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE